**Bill WALKER, Appellant,**

v.

**LUMBERMENS MUTUAL CASUALTY COMPANY, Appellee.**

**No. 4599.**

Court of Civil Appeals of Texas, Eastland

Feb. 16, 1973.

Bailey, Williams, Westfall & Henderson, and David Westfall, Dallas, for appellant.

Lancaster Smith, Dallas, for appellee.

McCLOUD, Chief Justice.

Plaintiff, Bill Walker, sued his insurer, Lumbermens Mutual Casualty Company, to recover benefits under a Texas Standard Homeowner's policy. The case was tried without a jury on stipulated facts. The trial court ruled that plaintiff's claim was not covered under Section II, Coverage D of the policy. Bill Walker has appealed. We reverse and render.

Terry Walker, the eleven year old son of plaintiff, Bill Walker, committed certain malicious, willful and intentional acts resulting in damage to the property of Harry Dugan. Dugan made a claim against the father, Bill Walker, under Article 5923-1, Vernon's Ann.Civ.St., which imposes liability on the parent of a child under the age of eighteen (18) years and over the age of ten (10) years, when the child is guilty of malicious and willful damage or destruction of property belonging to another. Bill Walker timely notified defendant, Lumbermens Mutual, of the claim. After investigation, Lumbermens Mutual refused to accept responsibility for the claim except in the limited amount of $250.00. Lumbermens Mutual took the position that this was the limit of their liability under the policy. Thereafter Dugan sued Bill Walker and the parent of another child allegedly responsible for the loss. Dugan did not sue the child, Terry Walker. Lumbermens Mutual refused to furnish a defense. Bill Walker employed his personal attorney to defend the case. Judgment was rendered against Bill Walker and the other parent jointly and severally. In the instant case plaintiff sought the amount of the judgment rendered against him plus costs, interest, and reasonable attorneys' fees incurred in defending the suit filed by Dugan. Plaintiff argues that defendant was liable under Section II, Coverage D. We agree.

Lumbermens Mutual contends that it had no liability under Coverage D and that its sole liability was under Coverage F which was limited to $250.00. The appropriate provisions of the policy are as follows:

"SECTION II—LIABILITY SECTION

COVERAGE D—PERSONAL LIABILITY

To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, and the Company shall defend any suit against the Insured alleging such bodily injury or property damage . . .

EXCLUSIONS—COVERAGE D shall not apply:

5. to bodily injury or property damage caused intentionally by or at the direction of the Insured;

COVERAGE F—PHYSICAL DAMAGE TO PROPERTY OF OTHERS

To pay for loss of property of others caused by an Insured. * * *, nor in any event shall the Company's liability exceed the Limit of Liability shown on Page 1.

EXCLUSIONS—COVERAGE F shall not apply to:

3. loss caused intentionally by an Insured over the age of 12 years;"

The policy contained an "Amendatory Endorsement" to Section II which provided:

"INSURED

The unqualified word 'Insured' includes (a) the Named Insured and (b) if residents of his household, his spouse, the relatives of either, and any other person under the age of 21 in the care of an Insured. \* \* \*

The insurance afforded under Coverage D applies separately to each Insured against whom claim is made or suit is brought but the inclusion herein of more than one Insured shall not operate to increase the limit of the Company's liability."

The company's liability under Coverage F as shown on page 1 of the policy was limited to $250.00. Defendant argues that since Terry Walker was under 12 years of age at the time of the occurrence the only coverage afforded was under Coverage F. We disagree. Under Coverage F the company was obligated to pay for loss of property of others caused by an insured without regard to the liability of the insured. Likewise, under Coverage E the company was obligated to pay reasonable medical expenses up to $250.00 without regard to the liability of the insured. The policy, however, also provided coverage under Coverage D when the insured became legally obligated to pay damages because of bodily injury or property damage. Coverage D and Coverage F are entirely separate and neither restricts the other.

The named insured, Bill Walker, by reason of the judgment against him is legally obligated to pay Dugan damages because of the property damage resulting from the acts of his son. Defendant argues that under Exclusion No. 5, Coverage D does not apply when the damage is caused intentionally by or at the direction of an insured and that Terry Walker, plaintiff's son, was an additional insured.

Harry Dugan did not sue the minor child, Terry Walker, who committed the intentional acts. He sued the father, Bill Walker. The property damage sustained by Dugan was not caused intentionally by or at the direction of Bill Walker. Bill Walker became liable only because of Article 5923–1, V.A.C.S. The policy provides that coverage and exclusions under Coverage D apply separately to Bill Walker.

We have found no Texas case discussing the questions presented, however, we think the Supreme Court of California in Arenson v. National Automobile and Casualty Insurance Co., 45 Cal.2d 81, 286 P.2d 816 (1955) when confronted with essentially the same facts, in a well reasoned opinion, correctly held that an insurance policy very similar to the instant policy protected the parent against liability for intentional injury caused by a minor. In *Arenson* plaintiff's minor son damaged school property and the school district under a statute similar to Article 5923–1, V.A.C.S., obtained judgment against the parent for the amount of the damage. There the insurance company refused to defend the suit or to pay the amount of the judgment claiming that the injury was caused intentionally by an insured and therefore came within the exclusion provision. Like the instant policy, the policy in *Arenson* was issued to the parent as the named insured, and stated that: "The unqualified word 'insured' includes (a) the named insured, (b) if residents of his household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of an insured. \* \* \*" The exclusion provision similar to Exclusion No. 5 in the instant policy read: "This policy does not apply: \* \* \* (c) to injury, sickness, disease, death or destruction caused intentionally by or at the direction of the insured \* \* \*." There as here, the insurance company argued that the parent who was the named insured was not protected since the minor was an additional insured and the exclusion stated that coverage would

not apply if the damage was "caused intentionally by or at the direction of the insured." In rejecting this contention the Court said:

"It has been held that an exclusion provision similar to the one involved here is reasonably understood as designed to prevent indemnifying one against loss from his own wrongful acts and cannot be construed to exclude coverage for the wilful acts of another in the absence of a clear expression showing such intent. Western Casualty & Surety Co. v. Aponaug Mfg. Co., 5 Cir., 197 F.2d 673, 674; Morgan v. Greater New York Taxpayers Mut. Ins. Ass'n, 305 N.Y. 243, 112 N.E. 2d 273, 275. This construction is further supported by decisions which hold that a policy extending coverage to several persons creates several obligations on the part of the insurer, so that a particular insured is not precluded from recovering merely because the claim of another insured is barred under the terms of an exclusion provision. Hoyt v. New Hampshire Fire Ins. Co., 92 N.H. 242, 29 A.2d 121, 123, 148 A.L.R. 484; Wenig v. Glens Falls Indemnity Co., 294 N.Y. 195, 61 N.E.2d 442, 444–445; Pratt v. Hanover Fire Ins. Co., 50 R.I. 203, 146 A. 763, 764–765.

Plaintiff, the named insured, would obviously not be excluded from coverage for the wilful acts of his son if the clause defining additional insured persons did not appear in the policy. That clause was intended to benefit plaintiff by broadening coverage, and its purpose would be defeated if coverage were restricted by using the clause to construe the exclusion provision favorably to defendant company. Cf. Western Casualty & Surety Co. v. Aponaug Mfg. Co., 5 Cir., 197 F.2d 673, 674; Morgan v. Greater New York Taxpayers Mut. Ins.

Ass'n, 305 N.Y. 243, 112 N.E.2d 273, 275."

The Court in *Arenson* recognized the rule that a policy extending coverage to several persons creates several obligations on the part of the insurer so that a particular insured is not precluded from recovery merely because the claim of another insured is barred under the terms of an exclusion. It should be noted that the Amendatory Endorsement in the instant policy expressly states: "The insurance afforded under Coverage D applies separately to each Insured. . . ."

Lumbermens Mutual argues that *Arenson* is in conflict with National Union Fire Co. v. Bourn, 441 S.W.2d 592 (Tex.Civ. App.—Fort Worth 1969, writ ref'd. n. r. e.). We disagree. *Bourn* correctly held that an insured who intentionally caused damage was precluded by Exclusion No. 5 from recovery under Coverage D. There the plaintiff after recovering a judgment for assault and battery against four college students, sued two insurance companies which issued policies to parents of two of the students. Bourn did not sue the parent or establish liability on the part of the parent as Dugan did in the instant case.

The important distinction between *Bourn* and *Arenson,* is that in *Bourn* claim was made through an insured who committed an intentional wrong. Exclusion No. 5 was applicable. In *Arenson* and in the instant case claim was made by an insured who is legally responsible for property damage he did not intentionally commit.

We hold that Coverage D is applicable and coverage is not precluded because of Exclusion No. 5.

The judgment of the trial court is reversed and judgment is rendered for the plaintiff, Bill Walker.