**Opinion issued May 1, 2014.**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00691-CV

————————————

**DARRELL LEE HODGES, JR., Appellant**

**V.**

**SAFECO LLOYDS INSURANCE COMPANY, Appellee**

**On Appeal from the 281st District Court**
**Harris County, Texas**
**Trial Court Case No. 2013-17765**

## O P I N I O N

In this appeal, we consider whether the trial court properly granted summary judgment in favor of an insurance company that denied coverage to a son who

negligently injured his father, with whom he resided, under a "homeowner's exclusion" in the father's homeowner's insurance policy. We affirm.

## BACKGROUND

On August 17, 2009, Darrell Lee Hodges, Sr. was assaulted in his home. His son, Darrell Lee Hodges, Jr. ["DJ"], lived at the home with his father. DJ knew the assailants, knew they were looking for his father and that they posed a risk to his safety, but nonetheless failed to warn his father of the men's presence outside the home and failed to call the police to have the men removed from the premises.

SAFECO had a homeowner's condominium policy in place at the time of the offense. Mr. Hodges is the named policy holder and DJ is also covered because he lived at the condominium with his father. Mr. Hodges made a claim under the policy for insurance benefits to cover his injuries. SAFECO denied coverage, citing the "homeowner's exclusion" in the policy, which precludes coverage for "bodily injury to [the named insured] or an insured."

Mr. Hodges sued DJ in district court alleging that DJ's negligence in failing to warn him about the presence of the assailants and their intentions was the proximate cause of his bodily injuries. SAFECO initially provided a defense for DJ under a reservation of rights, but subsequently had its attorney withdraw from DJ's representation. Mr. Hodges obtained a judgment against DJ in the amount of

2

$99,599.96. Evidence showed that Mr. Hodges needed stitches and staples to close a cut on his head caused when he was hit in the head with a beer mug by the assailants, and that he would require plastic surgery to conceal the remaining scars.

DJ then sued SAFECO, alleging that it had breached the insurance contract by refusing to indemnify him for the judgment Mr. Hodges obtained against him, and that SAFECO acted in bad faith denying coverage and failing to pay his claim promptly. DJ and SAFECO filed cross-motions for summary judgment asserting their respective positions regarding the coverage provided by the policy. The trial court granted SAFECO's motion, denied DJ's, and this appeal followed.

## PROPRIETY OF SUMMARY JUDGMENT

In three related issues on appeal, DJ contends the trial court erred in granting SAFECO's motion for summary judgment and determining that the homeowner's condominium policy provided no coverage to him for his father's injuries.

### Standard of Review and Applicable Law

In reviewing cross-motions for summary judgment, "we follow the usual standard of review for traditional summary judgments." *Lockheed Martin Corp. v. Gordon*, 16 S.W.3d 127, 132 (Tex. App.—Houston [1st Dist.] 2000, pet. denied). On appeal, we review summary judgments de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Traditional summary judgment is properly granted only when a movant establishes that there are no genuine issues

3

of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). When a plaintiff moves for summary judgment, he must prove that he is entitled to summary judgment as a matter of law on each element of his cause of action. *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986) (per curiam); *Cleveland v. Taylor*, 397 S.W.3d 683, 696–97 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). When a defendant moves for summary judgment, it must either (1) disprove at least one element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of an affirmative defense to rebut plaintiff's cause. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995) (per curiam).

To decide whether issues of material fact preclude summary judgment, evidence favorable to the non-moving party must be taken as true, every reasonable inference must be indulged in its favor, and any doubts resolved in its favor. *Knott,* 128 S.W.3d at 215. The movant must conclusively establish its right to judgment as a matter of law. *Charida v. Allstate Indem. Co.*, 259 S.W.3d 870, 872 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (citing *MMP*, 710 S.W.2d at 60). A matter is conclusively established if reasonable people could not differ as to the conclusion to be drawn from the evidence. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

Insurance policies are controlled by rules of interpretation and construction applicable to contracts generally. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995). The primary concern of a court in construing a written contract is to ascertain the true intent of the parties as expressed in the instrument. *Id.* Terms in contracts are given their plain, ordinary, and generally accepted meaning unless the contract itself shows that particular definitions are used to replace that meaning. *W. Reserve Life Ins. Co. v. Meadows*, 261 S.W.2d 554, 557 (Tex. 1953). If a written contract is so worded that it can be given a definite or certain legal meaning, then it is not ambiguous. *Nat'l Union Fire Ins. Co.*, 907 S.W.2d at 520. The interpretation of an unambiguous contract is a question of law for the court. *Perry v. Houston Indep. Sch. Dist.*, 902 S.W.2d 544, 547 (Tex. App.—Houston [1st Dist.] 1995, writ dism'd w.o.j.). If an insurance policy is ambiguous, however, it will be interpreted in favor of the insured. *Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455, 458 (Tex. 1997).

**Relevant Contractual Provisions**

### *The definition of "You"*

The policy lists Darrell Hodges [Senior] as the named insured and states that the terms "'you' and 'your' refer to the 'named insured' shown on the declarations and the spouse if a resident of the same household."

5

*The definition of "Insured"*

Under section 4a of the policy's definitions, the term "'Insured' means you and residents of your household who are your relatives."

*The "household" exclusion*

The exclusions section of the policy provides that "Coverage C (Personal Liability) does not apply to bodily injury to you or an insured within the meaning of part a, or part b, of insured as defined."

*The "severability" clause*

The severability of insurance clause provides that "[t]his insurance applies separately to each insured.  This condition will not increase our limit of liability for any one occurrence."

**Analysis**

DJ argued in his motion for summary judgment and on appeal that "[t]he bodily injury exclusion, when read in conjunction with the policy's severability of insurance clause, applies only if the insured claiming liability coverage seeks compensation for his or her own bodily injuries."  Specifically, DJ contends that "[t]he correct reading of [the exclusion] is that the policy will not provide 'you,' (as "the 'named insured' shown on the declarations) liability coverage for bodily injuries suffered by 'you' in a claim made by 'you[,]" and that similarly "the separate policy of 'an insured' will not provide it coverage for bodily injuries

6

suffered by it in a claim made by it." Essentially, DJ argues that because the claims are for his father's bodily injuries and not his own, he should be covered by the policy.

SAFECO responds, both in its own motion for summary judgment and on appeal, that "the severability clause does not affect the [coverage] analysis because the household exclusion applies based on the identity of the injured party, not the identity of the actor or the insured seeking coverage." SAFECO admits that DJ is an insured under the policy, and that, pursuant to the severability clause, the contract's coverage must be evaluated through his eyes. *See Commercial Standard Ins. Co. v. Am. Gen. Ins. Co.*, 455 S.W.2d 714, 721 (Tex. 1970) (stating that in insurance policy with severability clause, "'[t]he insured' does not refer to all insureds; rather the term is used to refer to each insured as a separate and distinct individual apart from any and every other person who may be entitled to coverage thereunder") However, SAFECO argues that even if this Court considers the policy from DJ's standpoint, it cannot "ignore[] the existence of other insureds or change[] the Policy's terms or definitions." SAFECO contends that no matter whose standpoint the court considers in interpreting the policy, it unambiguously excludes coverage for bodily injuries suffered by "you," which is contractually defined as Mr. Hodges.

This Court considered the interaction between an exclusion and a severability clause in *Bituminous Casualty Corp. v. Maxey*, 110 S.W.3d 203 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). In *Maxey*, we addressed "a case of first impression under Texas law regarding the application of a separation of insureds clause to a policy exclusion that refers to 'any insured.'"[1] *Id.* at 211. We noted that the effect of the separation of insureds clause on a particular exclusion in an insurance contract depends on the terms of that exclusion. *Id.* at 214 (citing *Petticrew v. ABB Lummus Global, Inc.*, 53 F. Supp. 2d 864, 871 (E. D. La. 1999)). "If the exclusion clause uses the term 'the insured,' application of the separation of insureds clause requires that the term be interpreted as referring only to the insured against whom a claim is being made under the policy." *Id.* (citing *Commercial Standard Ins. Co.*, 455 S.W.2d at 721). However, we further explained that if "the exclusion clause uses the term 'any insured,' then application of the separation of insureds clause has no effect on the exclusion clause; a claim made against any insured is excluded." *Id.* (citing *Petticrew*, 53 F. Supp. 2d at 871; *Michael Carbone, Inc. v. General Acc. Ins. Co.*, 937 F. Supp. 413, 420 (E. D. Pa. 1996)). In so holding, this Court stated as follows:

> To hold that the term "any insured" in an exclusion clause means "the insured making the claim" would collapse the distinction between the

---

[1] The policy in *Maxey* excluded coverage for "'Bodily injury' or 'property damage' arising out of the ownership . . . .of any . . . 'auto' . . . owned or operated by or rented or loaned to *any insured*." 110 S.W.3d at 209 (emphasis added).

8

terms "the insured" and "any insured" in an insurance policy exclusion clause, making the distinction meaningless. It would also alter the plain language of the clause, frustrating the reasonable expectations of the parties when contracting for insurance. We should not adopt an unreasonable construction of an insurance contract.

Moreover, construing the term "any" the same as the word "the" in an exclusion clause when an insurance policy contains a separation of insureds or severability of interests clause would require a tortured reading of the terms of the policy.

*Id.* (citations omitted).

DJ argues that *Maxey* does not apply because the policy at issue in this case excludes coverage for "an insured," not "any insured." Essentially, DJ argues that the policy excludes bodily injury coverage only for the insured making the claim. We disagree for two reasons.

First, as noted by this Court in *Maxey*, the terms are "an" and "any" are interchangeable when used in this context. *See Maxey*, 110 S.W.3d at 214 ("Here, nothing in the CGL policy indicates that 'any insured' is be construed in the text of the policy differently from the way 'an insured' is defined in the declarations; therefore, we find that they should be construed the same."). As stated in *Maxey*, the effect of the separation of insureds clause on a particular exclusion in an insurance contract depends on the terms of that exclusion. *Id.* at 214. The majority of cases addressing the issue have held that severability clauses affect interpretation of policy exclusions using the term "the insured" (by modifying that term to mean "the insured claiming coverage"), but have no effect on the

9

interpretation of exclusions using the term "an insured" or "any insured." *See, e.g.*, *Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469, 472–73 (5th Cir. 2009) (separation of insureds provision operates to give "effect to the separate coverage promised each insured by using the term 'the insured' to refer to the particular insured seeking coverage"); *Ohio Cas. Inc. Co. v. Holcim (US)*, 744 F. Supp. 2d 1251, 1271–73 (S.D. Ala. 2010) (holding severability clause has no effect on the interpretation of exclusions using the term "an insured" or "any insured"); *Starwood Hotels & Resorts Worldwide, Inc. v. Century Sur. Co.,* No. H-06-12102007, 2007 WL 1644041, at *8 (S.D. Tex. June 5, 2007) ("If, however, the exclusion clause uses the term 'any insured,' then application of the separation of insureds clause has no effect on the exclusion clause; a claim made against any insured is excluded.") (citations omitted); *Evanston Ins. Co. v. OEA, Inc.,* No. CIV02-1505DFL PAN, 2005 WL 1828796, at *8 (E.D. Cal. July 25, 2005) ("The history of this clause makes clear that the 'separation of insureds' clause only affects exclusionary clauses referring to 'the insured,' not 'any insured.'"); *Michael Carbone, Inc. v. Gen. Acc. Ins. Co.*, 937 F. Supp. 413, 419–20 (E. D. Pa. 1996) (determining that separation of insured clause alters meaning of exclusion only if exclusion uses phrase "the insured," and does not alter meaning of exclusion using phrase "any insured"); *Paylor v. First Mountain Mortg. Corp.*, No. 278076, 2008 WL 4605304, at *7 (Mich. Ct. App. Oct. 9, 2008) (stating that

separation of insureds provision does not affect exclusions using phrase "any insured" rather than "the insured"); *Travelers Indem. Co. v. Bloomington Steel & Supply Co.,* 718 N.W.2d 888, 894–95 (Minn. 2006) (separation of insureds clause "requires that coverage exclusions be construed only with reference to the particular insured seeking coverage," such that insurer can make exclusions unambiguous by wording them to exclude coverage for "an" or "any" insured rather than "the" insured); *Am. Motorists Ins. Co. v. Moore,* 970 S.W.2d 876, 880–81 (Mo. Ct. App. 1998) (holding that use of phrase "an insured" made exclusion unambiguous even in light of severability clause); *Co-operative Ins. Cos. v. Woodward*, 45 A.3d 89, 95 (Vt. 2012) (holding severability clause "cannot override" an "an insured" exclusion); *Mutual of Enumclaw Ins. Co. v. Cross*, 10 P.3d 440, 444 (Wash. Ct. App. 2000) (holding that use of phrase "an insured" made exclusion unambiguous even in light of severability clause); *J.G. v. Wangard*, 753 N.W.2d 475, 487 (Wis. 2008) (citing with approval authorities for the proposition that an exclusion concerning "any insured" is "unambiguous, even when read in context with the severability clause in the policy").

We find no basis to distinguish *Maxey* simply because the policy excludes coverage for "an insured," rather than "any insured." The language of the policy does not limit the exclusion of personal injury coverage to simply the person

making the claim, but also excludes bodily injury coverage to the named insured and all his relatives residing in his home with him.[2]

The second reason we find DJ's argument unpersuasive is that it completely overlooks the fact that the policy excludes coverage for bodily injury to "you," and that "you" is contractually defined as Mr. Hodges.

In *Starwood Hotels and Resorts Worldwide, Inc. v. Century Surety Company*, No. H-06-1210, 2007 WL 1644041 (S.D. Tex. June 5, 2007), the court considered an exclusion for bodily injury to an employee of the "named insured." *Id.* at *6. An additional insured contended that it was entitled to coverage when an employee of the named insured made a claim against it, arguing that because the policy had a severability clause, the term "the named insured" in the exclusion must be read as "the insured against whom claim is made or suit is brought." *Id.* The court disagreed, and, following *Maxey*, held that nothing in the policy indicated that the term 'the named insured' in the exclusion was to be construed as the "'insured against whom claim is made or 'suit' is brought." *Id.* at *8. Because

---

[2]   As such, this case is distinguishable from *State Farm Fire & Cas. Ins. Co. v. Keegan*, which, interpreting the same policy provisions, held that claims by a granddaughter against her grandfather, the named insured, were not excluded because the grandfather had moved out of the insured home so that the granddaughter no longer lived in his household. 209 F.3d 767, 769 (5th Cir. 2000). This was true even though the granddaughter resided with grandmother, who was another named insured. *Id.* at 770. Here, it is undisputed that Mr. Hodges and DJ resided together in the same household.

the injured employee was an employee of the named insured, the policy excluded coverage even when the party seeking coverage was the additional insured. *Id.*

The same is true here. The policy excludes coverage for "you," which is contractually defined as Mr. Hodges. Nothing in the policy indicates that "you" is to be interpreted in any other way. The severability clause cannot alter this clearly defined provision in the exclusion, even when viewed from DJ's standpoint.

Accordingly, we conclude that the trial court did not err when it denied DJ's motion for summary judgment and granted SAFECO's.

## CONCLUSION

We affirm the trial court's judgment.


Sherry Radack
Chief Justice


Panel consists of Chief Justice Radack and Justices Massengale and Huddle.

13